UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATHANIEL JOYNER,

      Petitioner,

v.                                   Case No. 5:06-cv-209-Oc-10GRJ

WARDEN, FCC COLEMAN - LOW,

      Respondent.
_____

## ORDER OF DISMISSAL

This case is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).[1] The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, challenging his convictions in the Southern District of Alabama for controlled substance offenses. See id. His convictions and sentences were affirmed on direct appeal. See United States v. Joyner, 17 F.3d 1349 (11th Cir. 1994) (table).

In the Petition, the Petitioner attacks the validity of his convictions and sentences rather than the means of execution. Petitioner contends that he should be resentenced because the federal guidelines under which he was sentenced were invalidated pursuant to United States v. Booker, 125 S.Ct. 738 (2005) (applying

---

[1] The Petition was originally filed in the Southern District of Louisiana in April 2005, and was transferred to this Court in June 2006 because Petitioner was moved to FCC Coleman shortly after the Petition was filed.

<u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) to federal sentencing guidelines).

Petitioner concedes that he unsuccessfully pursued relief under 28 U.S.C. § 2255 in the sentencing court. <u>See</u> Doc. 1 at 2. Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. <u>See</u> 28 U.S.C. § 2255. However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, <u>or that such court denied him relief</u>[.]"

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). In <u>Wofford</u>, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when:
> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal <u>or first</u>

§ 2255 motion.

Id. (emphasis added).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." Id. (citing Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

It is the law of this circuit that an Apprendi-Blakely-Booker claim is unavailable retroactively to cases pending on collateral review and, as stated, a successful savings-clause claim must be based on a retroactively applicable Supreme Court decision. See Varela v. United States, 400 F.3d 864 (11th Cir.), cert.denied ___ U.S. ___,126 S. Ct. 312 (2005); Wofford, 177 F.3d at 1244. Petitioner therefore is not entitled to relief under § 2241 on the grounds presented in the Petition.

Pursuant to Habeas Rule 4$^2$, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent. The Court has determined that it is plain that Petitioner is not entitled to relief in this case, and accordingly the Court will not order service of the Petition and the Petition will be dismissed.

---

$^2$ Rules Governing Habeas Corpus Cases Under Section 2254. Pursuant to Habeas Rule 1(b), the Court has the discretion to apply the Habeas Rules to other habeas corpus petitions.

Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 27th day of June 2006.

_____
UNITED STATES DISTRICT JUDGE

c: Nathaniel Joyner